DONALD H. CRAM, III (State Bar No. 160004)
DUANE M. GECK (State Bar No. 114823)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Secured Creditor
WELLS FARGO FINANCIAL ACCEPTANCE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>LETICIA I. ACAYA,<br><br>　　　　Debtor.<br>_____<br><br>WELLS FARGO FINANCIAL ACCEPTANCE,<br><br>　　　　Appellant,<br>v.<br><br>LETICIA I. ACAYA,<br><br>　　　　Appellee.<br>_____ | No.  C07-02851-JF<br><br>**APPELLANT'S REQUEST FOR CERTIFICATION OF APPEAL DIRECTLY TO THE NINTH CIRCUIT COURT OF APPEALS**<br><br>Status Conference -<br><br>Date:  August 31, 2007<br>Time:  10:30 a.m.<br>Place:  Courtroom 3<br>Judge:  The Honorable Jeremy Fogel |

In connection with its appeal from the U.S. Bankruptcy Court for the Northern District of California's Order filed May 18, 2007, and pursuant to 28 U.S.C. §158(d)(2), Appellant, WELLS FARGO FINANCIAL ACCEPTANCE ("Wells Fargo"), respectfully requests that the Court certify this appeal directly to the Ninth Circuit Court of Appeals respectfully showing the Court as follows:

1.　　The Order from which Wells Fargo appeals involves a question of law as to which there is no controlling decision of the Ninth Circuit Court

of Appeals or of the Supreme Court of the United States.

2. The Order from which Wells Fargo appeals involves a question of law requiring a resolution of conflicting decisions.

3. An immediate appeal from the Order from which Wells Fargo appeals will materially advance the progress of the underlying Chapter 13 case.

**No Controlling Authority Over The Novel And Frequently Arising Question**

The issues presented in this appeal surround the interpretation of the hanging paragraph of 11 U.S.C. §1325 in the context of an objection to confirmation of the debtor Chapter 13 Plan and involve novel questions of first impression for which there is no controlling U.S. Supreme Court or Ninth Circuit authority. The financing agreement that enabled the debtor to acquire an automobile included a negative equity component from the trade-in vehicle, a common feature of automobile financing. The issues surround the character of the transaction as a "purchase money" transaction subject to the non-cramdown provisions of §1325. The specific issues presented on appeal are:

1. Whether the Bankruptcy Court erred in relying upon the California Commercial Code's definition of "purchase money" in determining whether Wells Fargo had a purchase money security interest as Congress used that phrase in §1325 of the Bankruptcy Code?

2. Whether Wells Fargo has a purchase money security interest as Congress used that phrase in §1325 of the Bankruptcy Code thus preventing the use of Chapter 13 to strip down its lien?

3. Whether Wells Fargo has a purchase money security interest as that term is used in California statutes?

Certification of the appeal directly to the Ninth Circuit would foster certainty and

clarity on these issues in this circuit and assist in resolving conflicting decisions on these issues.

**Resolving Conflicting Decisions**

Within the Ninth Circuit and certainly across the nation, District Court and Bankruptcy Court opinions have widely divergent outcomes on these issues. The Court opinions have fallen into one of three camps: 1) the financing of the negative trade-in does not change the purchase money security interest status of the transaction; 2) the financing of the negative trade-in transforms the purchase money status of the transaction to a nonpurchase money transaction ("transformation rule"); and 3) the negative trade-in balance financed does not achieve purchase money status, however the amount financed for the purchase of the new vehicle retains it purchase money status ("dual status rule").

Within this circuit, one need only compare the Bankruptcy Court's decision in this appeal, *In re Acaya*, 2007 WL 1492475 (Bankr. N.D. Cal. May 18, 2007) (applying the dual status rule), with the ruling from the Bankruptcy Court in the Eastern District of California in *In re Cohrs*, Case No. 07-21431-A-13G (Bankr. E.D. Cal. June 25, 2007) (purchase money) (copy attached as "Exhibit A").

On a national level, there are a variety of divergent opinions issued by the District Courts and Bankruptcy Courts (See *In re Graupner*, 2007 WL 1858291 (M.D. Ga. June 26, 2007) (purchase money); *CitiFinancial Auto v. Hernandez-Simpson*, 2007 WL 1464258 (D. Kan. May 17, 2007) (purchase money); *In re Petrocci*, 2007 WL 1813217 (Bankr. N.D.N.Y. June 20, 2007) (purchase money); *In re Peaslee*, 358 B.R. 545 (Bankr. W.D.N.Y. 2006) (transformation); *In re Price*, 363 B.R. 734 (Bankr. E.D.N.C. 2007) (transformation); *In re Westfall*, 2007 WL 981730 (Bankr. N.D. Ohio March 30, 2007) (transformation); *In re Bray*, 2007 WL 1095435 (Bankr. W.D. Tenn. April 11, 2007) (transformation); *In re Vega*, 344

1  B.R. 616 (Bankr. D. Kan. 2006) (dual status)). There is currently no circuit Court
2  opinion on the issue.
3    Certification of the appeal directly to the Ninth Circuit will promote a timely
4  circuit court opinion on these issues which will only benefit the courts in this
5  circuit and nationally.
6  **Advancing The Progress Of The Underlying Chapter 13 Case**
7    A direct appeal to the Ninth Circuit will advance the progress of the
8  underlying Chapter 13 case by eliminating the time and cost associated with
9  another layer of appeal. In the underlying Chapter 13 Case a Chapter 13 Plan
10 cannot be confirmed until these issues are resolved. The debtor's fresh start and
11 creditors' ability to receive distribution under the terms of the Plan have been
12 placed on hold until all appeals are exhausted. Certification of the appeal directly
13 to the Ninth Circuit will hasten the appeal process.
14   Wherefore, for the reasons set forth above, Wells Fargo respectfully requests
15 that the Court certify this appeal directly to the Ninth Circuit Court of Appeals.

17 DATED: July 12, 2007

18                              SEVERSON & WERSON
                                A Professional Corporation

20
                                By:  /s/ Donald H. Cram, III
21                                    Donald H. Cram, III

22                              Attorneys for Appellant
                                WELLS FARGO FINANCIAL
23                              ACCEPTANCE