\*\*E-Filed 7/17/2007\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re. LETICIA I. ACAYA,<br><br>　　　　　Debtor.<br><br>―――――――――――――――<br>WELLS FARGO FINANCIAL ACCEPTANCE,<br><br>　　　　　Appellant,<br><br>　　　　　v.<br><br>LETICIA I. ACAYA,<br><br>　　　　　Appellee. | Case Number C 07-2851 JF<br><br>ORDER[1] GRANTING JOINT REQUEST FOR CERTIFICATION OF APPEAL DIRECTLY TO THE NINTH CIRCUIT COURT OF APPEALS<br><br>[re: docket no. 4] |

　　　Wells Fargo Financial Acceptance ("WFFA") appeals the order of the bankruptcy court filed May 18, 2007 in which that court sustained WFFA's objection to the confirmation of debtor Leticia I. Acaya's ("Acaya") Chapter 13 plan. The parties states that the specific issues for appeal are:

―――――――――――

[1] This disposition is not designated for publication and may not be cited.

1. Whether the Bankruptcy Court erred in relying upon the California Commercial Code's definition of "purchase money" in determining whether Wells Fargo had a purchase money security interest as Congress used that phrase in § 1325 of the Bankruptcy Code?
2. Whether Wells Fargo had a purchase money security interest as Congress used that phrase in § 1325 of the Bankruptcy Code thus preventing the use of Chapter 13 to strip down its lien?
3. Whether Wells Fargo has a purchase money security interest as that term is used in California statutes?

Joint Request 2.  WFFA and Acaya jointly request certification of the appeal directly to the Ninth Circuit Court of Appeals.

A Court of Appeals has jurisdiction to hear appeals of judgments, orders, and decrees of a bankruptcy court when:

> [T]he bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence,[2] or all the appellants and appellees (if any) acting jointly, certify that–
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A). WFFA and Acaya assert that the order of the bankruptcy court involves a question of law as to which there is no controlling decision of the Ninth Circuit and which requires a resolution of conflicting decisions, and that immediate appeal to the Ninth Circuit will materially advance the progress of the underlying Chapter 13 case.  This joint certification as to these enumerated bases of immediate appeal is a sufficient ground for

---

[2] That sentence provides:
"The district courts of the United States shall have jurisdiction to hear appeals
(1) from final judgments, orders, and decrees;
(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
(3) with leave of the court, from other interlocutory orders and decrees;
and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."
28 U.S.C. § 158(a).

1  immediate appeal to the Ninth Circuit.  *See id.*  Moreover, the Court has reviewed the submission
2  of the parties and concludes that they have demonstrated the existence of each of the three bases
3  for immediate appeal enumerated in 28 U.S.C. § 158(d)(2)(A).  Accordingly, the joint request of
4  WFFA and Acaya will be granted.  This certification remains subject to the Ninth Circuit's
5  determination as to whether to authorize the direct appeal of the bankruptcy court's order.  *See id*.

7  IT IS SO ORDERED.

9  DATED: July 17, 2007.

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 07-2851 JF
ORDER GRANTING JOINT REQUEST FOR CERTIFICATION OF APPEAL DIRECTLY TO THE NINTH
CIRCUIT COURT OF APPEALS
(JFLC1)

1  This Order has been served upon the following persons:

2  Donald Hogan Cram , III     dhc@severson.com, blb@severson.com

3  Duane M. Geck     dmg@severson.com

4  Notice has been delivered by other means to:

5  Devin Berham-Burk
   Chapter 13 Trustee
6  Post Office Box 50013
   San Jose, CA 95150

7

   David G. Epstein
8  Haynes and Boonie LLP
   901 Main Street
9  Dallas, TX 75202

10  Rodney Michael Kleman
    Lawe Offices of Rodney M. Kleman
11  400 Camino El Estero
    Monterey, CA 93940

12
    Office of the U.S. Trustee/San Jose
13  United States Federal Building
    280 South First Street
14  #268
    San Jose, CA 95113-3004

15
    USBC Manager-San Jose
16  US Bankruptcy Court
    280 South First Street
17  Room 3035
    San Jose, CA 95113

18
    Arthur S. Weissbrodt
19  U.S. Bankruptcy Court
    280 South First Street
20  Room 3035
    San Jose, CA 95113

21

22

23

24

25

26

27

28

4

Case No. C 07-2851 JF
ORDER GRANTING JOINT REQUEST FOR CERTIFICATION OF APPEAL DIRECTLY TO THE NINTH
CIRCUIT COURT OF APPEALS
(JFLC1)