**Record on Appeal – Tab 1**

# United States Bankruptcy Court
### for the *Northern District of California, San Jose Division*

In re

ACAYA, Leticia I.

Debtor(s)

_____/

Case No.

Chapter 13 Plan

1.    **Plan Payments by Debtor**. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee.  The debtor(s) will pay to the trustee ☐ pay order ☑ direct pay] the sum of $ 280.00 _____

_____    _____

each month.

2.    **Disbursements by Trustee**.  From the payments received, the trustee will make disbursements as follows:

(a) On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2).  Initial attorneys fees are requested in the amount of $ 3,750.00     .

(b) On allowed secured claims, which shall be treated and valued, as follows:

| Creditor | Collateral | Compromise of Claim for Personal Property Described in §1325(a)(9) | Value of Collateral | Estimated Arrears | Adequate Protection | Time Value of Money (Interest) |
|---|---|---|---|---|---|---|
| Wells Fargo Finance Acceptance | 2005 Chevrolet Cavalier | Yes | $9,757.00 | | $100.00 | 7.00% |
| | | | | | | 0.00% |
| | | | | | | 0.00% |
| | | | | | | 0.00% |
| | | | | | | 0.00% |
| | | | | | | 0.00% |

(c) On allowed priority unsecured claims, in the order prescribed by 11 U.S.C. § 507.
☐ The debtor(s) elect to pay less than the full amount of the assigned support claim held by_____, and instead will pay $_____or the amount of the claim, whichever is less, pursuant to 11 U.S.C. § 1322(a)(4).  The debtor(s) acknowledge that this provision does not result

Chapter 13 Plan for

in a discharge of the remaining balance of the claim or interest on the claim.

(d) On allowed general unsecured claims, as follows:

☑ A percentage plan at the rate of _0_ cents on the dollar. The estimated term of the plan is _60_ months.

☐ A pot plan, paying the sum of $_____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment amount provided in paragraph 1 as necessary to complete the plan within 60 months of confirmation.

The anticipated distribution of funds is attached as Exhibit 1.

3.  **Compromise of Claims Secured By Personal Property Described in § 1325(a)(9)**. The debtor(s) propose the following compromise modifying the amounts payable on secured claims provided in paragraph 2(b). The debtor(s) acknowledge that this plan provision does not alter the other rights provided to holders of secured claims pursuant to 11 U.S.C. §§ 506 and 1325(a)(5)(b) or in the event of conversion.

| Creditor | Collateral | Value |
|---|---|---|
| Wells Fargo Finance Acceptance | 2005 Chevrolet Cavalier | $9,757.00 |

4.  **Rejection of Executory Contracts and Leases and Surrender of Secured Collateral**. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid in accordance with paragraph 2(d).

| Creditor | Collateral/Executory contracts or leases |
|---|---|
|  |  |

5.  **Direct Payments by Debtor**. The debtor(s) will pay directly the following secured creditors, lessors, or creditors holding long-term debt:

| Creditor | Monthly Payment |
|---|---|
|  |  |

Chapter 13 Plan for

6.    **Effective Date of Plan**. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

7.    **Vesting of Estate Property**. The debtor(s) elect to have property of the estate revest in the debtor(s):
☑ at such time as a discharge is granted or the case is dismissed.
☐ upon plan confirmation.
Once property revests, the debtor may sell or refinance real or personal property without further order of the court, upon approval of the chapter 13 trustee.

8.    **Additional Provisions**. The debtor(s) further propose, pursuant to 11 U.S.C. §1322(b): The Plan shall complete within 60 months from the date of confirmation.

I certify that this Chapter 13 Plan is a verbatim replica of the Chapter 13 Plan (Rev. 10/17/05), promulgated pursuant to B.L.R. 1007-1 and approved for use in the San Jose Division of the Northern District of California.

Respectfully submitted,

Dated  9/5/2006 _____          /s/ Leticia I. Acaya _____
                                                            (debtor)

Dated  _____                          _____
                                                            (debtor)

Dated  9/5/2006 _____          /s/ Rodney M. Kleman  #55808 _____
                                                            (attorney for debtor(s))

Chapter 13 Plan for

## *Notice to Creditors Regarding Plan Provisions*

**Binding Effect of the Plan**: The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

**Written Objection to Confirmation**: If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

**Plan Payment**: The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

**Proof of Claim**: To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney or, if not represented by an attorney, the debtor.

**Distribution of Funds**: Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1325(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments as shown on the anticipated distribution of funds, attached as Exhibit 1, contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under § 507 will be made in their order of priority. Payments must be credited in accordance with the terms of the plan and § 524(i).

**Treatment of Secured Claims**: The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent (7%).

**Adequate Protection Payments**: Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

**Proposed Compromise**: If the debtor has proposed a compromise affecting your collateral, you may either accept, reject or renegotiate the proposed compromise. If you reach an agreement, the resulting claim will be treated as a secured claim under § 506 and the plan may be confirmed. If you do not affirmatively agree, you must file an objection to confirmation (see above), the collateral will be surrendered in full satisfaction of the secured claim and the confirmation hearing will be continued for consideration of a modified plan.

Chapter 13 Plan for

# *Order Establishing Procedures for Objection to Confirmation*

***Hearing Date, Time and Place****: If an objection to confirmation is filed, a PREHEARING CONFERENCE will be held at the date and time announced at the initial confirmation hearing. Parties may confirm the date by checking the minute order on the court's docket, which indicates "Hearing Continued" in reference to the confirmation hearing. Individuals not represented by counsel may also contact the trustee to learn the continued date.*

***Procedures for Early Resolution****: As soon as the objection is resolved, counsel for the debtor is to prepare and forward to the trustee a statement of resolution, which the trustee will set on the court's earliest available calendar.*

***Procedures for Prehearing Conference****: Each party objecting to confirmation and counsel for the debtor are ordered to confer regarding resolution of the objection. Debtor's counsel, or the debtor if unrepresented, must contact the objecting party within ten days of receipt of the objection in a good faith effort to resolve the objection. At least 14 calendar days prior to the prehearing conference and each continued hearing, counsel for the debtor must file and serve a prehearing statement with the court indicating:*

    *a. The date the objection was filed, the date of the initial conference between counsel to resolve the objection and the dates of all subsequent contacts regarding resolution of the objection;*
    *b. A precise and separate statement of each factual and legal issue that must be determined to resolve the objection;*
    *c. Proposed discovery and/or briefing schedules and proposals for alternative dispute resolution;*
    *d. For continued hearings, developments since the last hearing and the current status.*

***Procedures for Objections to Proposed Compromises****: If a secured creditor affirmatively assents to the proposed compromise or an alternative compromise at or prior to the time of the initial confirmation hearing and no further objections are pending, the plan will be confirmed. If a secured creditor affirmatively rejects a proposed compromise at or prior to that hearing, the court will order that the debtor surrender the collateral and will continue the confirmation hearing for consideration of an amended plan. If a secured creditor does not affirmatively state its position regarding its collateral at or before the confirmation hearing, the court will continue the hearing for approximately 60 days to allow the debtor additional time to obtain a response.*

***Sanctions****: Failure of a party to comply timely with this order may result in the exclusion of evidence, the imposition of monetary or non-monetary sanctions, possible dismissal of the case, or striking of the objection to confirmation.*

**IT IS SO ORDERED:**

               /s/ Marilyn Morgan
               UNITED STATES BANKRUPTCY JUDGE

               /s/ James R. Grube
               UNITED STATES BANKRUPTCY JUDGE

               /s/ Arthur S. Weissbrodt
               UNITED STATES BANKRUPTCY JUDGE

Chapter 13 Plan for

# EXHIBIT 1: ANTICIPATED DISTRIBUTION OF MONTHLY PAYMENTS

The spreadsheet below is an estimate of monthly disbursements to be made on claims during the pendency of the case.
Due to the timing of payments from the debtor to the trustee, the requirements of the trustee's system
and subsequent court orders, payments to creditors may vary from the amounts and timing shown.

Column 1 - Month                                          Debtor: ACAYA, Leticia I.
Column 2 - Monthly Payment          280                   Debtor:
Column 3 - Trustee Fees             5.10%
Column 4 - Attorney Fees            3,750
Column 5 - Wells Fargo Finance Acceptance 9,757        @7.00%        100
Column 6 -
Column 7 -
Column 8 -
Column 9 -
Column 10 -
Column 11 -
Column 12 - Priority and General    Principal       Rate        Payments
           Unsecured Claims

| Month | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Available |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 2 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 3 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 4 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 5 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 6 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 7 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 8 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 9 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 10 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 11 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 12 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 13 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 14 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 15 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 16 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 17 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 18 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 19 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 20 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 21 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 22 | 280 | 14 | 166 | 100 | - | - | - | - | - | - | | 0 |
| 23 | 280 | 14 | 98 | 168 | - | - | - | - | - | - | | 0 |
| 24 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 25 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 26 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 27 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 28 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 29 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 30 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 31 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |

**Page 6**

Chapter 13 Plan for ACAYA, Leticia I. and              Page 6 of 7

| Month | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Available |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 33 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 34 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 35 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 36 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 37 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 38 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 39 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 40 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 41 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 42 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 43 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 44 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 45 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 46 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 47 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 48 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 49 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 50 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 51 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 52 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 53 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 54 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 55 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 56 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 57 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 58 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 59 | 280 | 14 | | 266 | - | - | - | - | - | - | | 0 |
| 60 | 280 | 14 | | 21 | - | - | - | - | - | - | | 245 |
| Sub Totals | | | | 11,965 | 0 | 0 | 0 | 0 | 0 | 0 | | |
| Totals | 16,800 | 857 | 3,750 | 11,965 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 16,572 |

Debtor: ACAYA, Leticia I.
Debtor: 

**Page 7**