# Record on Appeal – Tab 2

DONALD H. CRAM, III (State Bar No. 160004)
KATRINA V. STOLC (State Bar No. 226557)
DUANE M. GECK (State Bar No. 114823)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 677-5536
Facsimile: (415) 677-5664
e-mail: dhc@severson. com

Attorneys for Creditor
WELLS FARGO FINANCIAL ACCEPTANCE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br>LETICIA I. ACAYA,<br><br>Debtor(s). | Case No. 06-51741-MMOR<br><br>Chapter 13<br><br>Date: 10/25/2006<br>Time: 11:00 AM<br>Judge: Hon. Marilyn Morgan<br>Place: 280 South 1st Street<br>Room 3070<br>San Jose, CA 95113-3099 |

**OBJECTION OF WELLS FARGO FINANCIAL ACCEPTANCE TO CONFIRMATION OF PLAN**

TO THE DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Wells Fargo Financial Acceptance (hereinafter "Secured Creditor") objects to the Chapter 13 Plan (hereinafter "Plan") of the above captioned debtor(s) (hereinafter "Debtor") for the following reasons:

**STATEMENT OF FACTS:**

Secured Creditor has a perfected security interest in Debtor's 2005 Chevrolet Cavalier, Vehicle Identification No. 1G1JC52F857129833 (hereinafter "Vehicle"), pursuant to a Motor Vehicle Contract & Security Agreement dated **<u>6/15/2005</u>** (hereinafter "Contract") entered into

between Debtor and Secured Creditor's predecessor-in-interest ("Dealer"). A true and correct copy of the Contract is attached hereto as Exhibit A. Upon execution of the Contract Debtor was obligated to pay Secured Creditor $19,939.39 at an annual percentage rate of 14.50% over 60 monthly payments of $440.15.

The net payoff under the Debtor's Contract, as of the petition date, was $17,099.89 and the Debtor's Plan proposes to value the Vehicle at $9,757.00, payable at 7.00% with a monthly payment of $100. The Plan proposes to pay unsecured claimholders a 0% dividend.

**THE PLAN'S PROPOSED VEHICLE VALUE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the Vehicle value set forth in the Plan fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325. The present payoff under the Debtor's Contract is $17,099.89 and the Debtor's Plan proposes to value the Vehicle at $9,757.00. The Bankruptcy Act effective 10/17/2005 provides that, for purposes of paragraph 5 of § 1325(a), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt consisting of a motor vehicle for personal use by the debtor if the debt was incurred within 910 days preceding Debtor's petition date. Debtor executed the Contract for the Vehicle on 6/15/2005, 449 days preceding the date of the filing of Debtor's petition on 9/07/2006. Therefore, Debtor's attempt to cram down the value of the Vehicle is in violation of § 1325(a)(9) and Secured Creditor's claim should be allowed in its entirety in the amount of $17,099.89. Therefore, in order to confirm the Plan over Secured Creditor's objection, the Plan must provide for payment of Secured Creditor's claim in full in the amount of $17,099.89.

**THE PLAN'S PROPOSED INTEREST RATE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the interest rate of 7.00% set forth in the Plan fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). In a recent ruling by the Supreme Court, the court held that §1325(a)(5)(B) does not require that the terms of the cram down loan match the terms to which the debtor and creditor agreed prebankruptcy, nor does it require that the cram down terms make the creditor subjectively indifferent between present foreclosure and future payment." *Lee M. Till et ux. v. SCS Credit Corporation, 124 S.Ct. 1951* (2004). The court ruled that the formula approach is the correct method for determining the cram down rate of interest on the secured value of a vehicle being paid through a Chapter 13 Plan. This approach looks to the national prime rate and requires the bankruptcy court to adjust this rate upwards to compensate the creditor for the "greater risk of nonpayment" bankruptcy debtors frequently pose. The factors to review in determining the adjustment to the national prime rate of interest include the estate's circumstances, the security's nature, and the reorganization plan's duration and feasibility.

In this particular case, the Vehicle is a rapidly depreciating asset. Secured Creditor requests that the Court's formula approach should look to the national prime rate, which was 8.25% at the time of Debtor's petition, and adjust that rate upward by at least 3% in order for Secured Creditor to receive 11.25% interest on its claim. This prime-plus rate of 11.25% would compensate Secured Creditor for the greater risk of nonpayment that Debtor now poses.

**DEBTOR'S PROPOSED MONTHLY PAYMENT FAILS TO ADEQUATELY PROTECT SECURED CREDITOR AS REQUIRED BY 11 U.S.C. § 1326(a)**

Secured Creditor objects to confirmation of Debtor's Plan on the grounds that Debtor has proposed a monthly payment of only $100 towards Secured Creditor's claim which fails to adequately protect Secured Creditor as required by 11 U.S.C. § 1326(a).

With respect to each allowed secured claim provided for by the plan;

(iii) if –

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of such claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

11 U.S.C. §1325(a)(5)(B)(iii)

Debtor's monthly Plan payment to the Trustee is $280 with a monthly payment of $100 toward Secured Creditor's claim. Debtor's proposed payments do not comply with 11 U.S.C. § 1325(a)(5)(B)(iii) since the monthly payment is not in equal installments and doesn't cover the monthly depreciation of the Vehicle, which serves as collateral for Secured Creditor's claim. Therefore, Debtor's Plan as proposed cannot be confirmed and Secured Creditor requests that the Plan be amended to provide it with a minimum monthly payment of at least $250 commencing with the first Plan payment.

**THE PLAN CANNOT BE CONFIRMED BECAUSE IT IS NOT FEASIBLE AS REQUIRED BY 11 U.S.C. § 1325(a)(6)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that, after increasing the value of Secured Creditor's claim to $17,099.89, the Debtor's proposed schedule of plan payments is not feasible. Debtor has provided no competent evidence as to how they will be able to make the Plan payments as proposed. Absent additional competent evidence from the Debtor supporting their ability to make the increased Plan payments, it does not appear that the Plan is feasible. Therefore, confirmation of Debtor's Plan should be denied because the Debtor will be unable to make all the plan payments and comply with the terms of the Plan as required by § 1325(a)(6).

**CONCLUSION:**

WHEREFORE, Secured Creditor respectfully requests that the Court sustain its objection(s) and deny confirmation of Debtor's proposed Plan. Alternatively, Secured Creditor requests the Court order that:

1. The Debtor's Plan be amended to provide for Secured Creditor's claim to be secured in the amount of at least $17,099.89;

2. The Debtor's Plan be amended to provide for Secured Creditor to receive at least 11.25 % interest on its secured claim from the effective date of the Debtor's Plan;

3. The Debtor's Plan be amended to provide for Secured Creditor to receive monthly payments in the amount of at least $250, on account of its secured claim, from the effective date of the Debtor's Plan;

4. The Debtor's Plan not be confirmed until Debtor has provided competent evidence as to how Debtor will make the plan payments and still complete the Plan within the maximum 60-month period;

5. Secured Creditor be awarded its reasonable attorneys' fees and costs incurred in protecting its security interest by objecting to the Debtor's proposed Plan; and

6. Secured Creditor be afforded such further relief as this Court deems necessary and proper.

DATED: October 13, 2006

SEVERSON & WERSON, P.C.

By: /s/ Donald H. Cram, III
Donald H. Cram, III / Katrina V. Stolc

Attorneys for Wells Fargo Financial Acceptance

RETAIL INSTALLMENT SALE CONTRACT
SIMPLE INTEREST FINANCE CHARGE

[illegible]

A1089-07135

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|
| USED | 2005 | [illegible] | 16463 | [illegible] |

STATEMENT OF INSURANCE

[illegible]

**EXHIBIT A**